### INEFFECTUAL EFFORT TO FILE A BILL OF EXCEPTIONS.

Court of Appeals for Hamilton County.

THE D. T. WILLIAMS VALVE COMPANY, ROBERT E. MULLANE
AND FRANK X. PUND v. DAVID T. WILLIAMS.*

Decided, May 8, 1916.

*Leaving a Bill of Exceptions with an Unauthorized Clerk—Not a "Filing" of the Bill—Inadequate Grounds for Appointment of a Receiver.*

1. The leaving of a bill of exceptions with some deputy in the employ of the clerk of courts not authorized to receive it, with instructions to said deputy to place it on file, does not amount to a filing of the bill, and a motion to require the clerk to stamp the bill as "filed" does not lie where not made until subsequent to the statutory time for the filing of a bill.

2. It is error to grant a prayer for appointment of a receiver·where the appointment appears to be an end in itself, and is not ancillary to other and ultimate relief within the provisions of Sections 11894 and 11398, General Code.

*Frank H. Kunkel* and *Pogue, Hoffheimer & Pogue,* for plaintiffs in error.

*Nelson B. Cramer* and *Charles W. Baker,* contra.

JONES (E. H.), P. J.

This is a proceeding in error brought to reverse an order of the Insolvency Court of Hamilton County appointing a receiver for plaintiff, the D. T. Williams Valve Company, a corporation.

The appointment was made by the court below *pendente lite,* upon a motion for a receiver filed on September 18, 1915, contemporaneously with the amended petition upon which the action is based. Upon the day the cause was set for hearing in this court a motion was filed by the defendant in error to affirm

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court June 6, 1916.

the judgment and dismiss the petition in error, for the reason that no bill of exceptions had been filed and that the time within which same might be filed had expired. This was followed by a motion of plaintiffs in error asking the court to order the clerk to stamp the bill of exceptions as "filed" in the court of appeals. This latter motion was based upon the claim made by counsel that the bill of exceptions had been left in the hands of one of the deputies of the clerk of the courts, on duty in the insolvency court room, with instructions to have the same filed. It is claimed that this was in effect a filing of the bill of exceptions; that the stamping on the same was a ministerial duty only and it having been neglected the rights of plaintiffs in error could not be jeopardized thereby.

We find that this latter motion is not well taken. It does not appear from the evidence that the matters and things claimed by counsel for plaintiffs in error, admitting same to be true, amount to a filing of a bill of exceptions. The usual manner of filing papers is by taking them to the clerk's office and there handing them to the clerk or one of his deputies. To grant this motion would be in effect to hold that it is only necessary to hand a paper or pleading or bill of exceptions to some one of the many deputies, stationed in the different court rooms, in order to make the filing complete. This would be an impractical and altogether dangerous rule to establish.

As already announced from the bench, the motion to affirm filed by defendant in error must be overruled, as the petition in error contains assignments of error not based upon the bill of exceptions. We refer especially to the first three grounds of error, which are as follows:

"1. That said court erred in overruling the demurrer of the D. T. Williams Valve Company, plaintiff in error.

"2. That said court erred in holding that it had jurisdiction to appoint a receiver upon the motion of defendant in error.

"3. That said court erred in holding that the facts set out in the petition in said cause were insufficient in law to justify the judgment and order appointing a receiver for the D. T. Williams Valve Company."

These alleged errors we may pass upon without resorting to the bill of exceptions. And upon consideration we find that they are well sustained by the pleadings, journal entry of the court appointing the receiver, statutory provisions and several well-considered Ohio cases.

From an examination of the original and amended petition herein it seems clear that the pleader was seeking principally and primarily the appointment of a receiver for this concern. In each instance the prayer begins thus: "Wherefore plaintiff prays that a receiver be appointed," etc. There is no authority in our statute for the appointment of a receiver except in a proceeding where some other relief is sought and as ancillary to such proceeding and incidental to the relief therein sought. A careful reading of the amended petition in this case must convince any one that there is no foundation laid, nor are there any facts stated which would justify any court in finding that it is desirable, necessary or advisable to dissolve this corporation and wind up its affairs.

It is true that the petitioner predicts dire things which are going to happen to this corporation if its present management is permitted to remain in charge of its affairs, but these statements are not predicated upon allegations of indebtedness, insolvency or inability to meet its obligations which if proven would warrant a court in taking charge of or discontinuing the business of said corporation.

Mr. Williams, the plaintiff below, is a large stockholder, but he is the only one of the stockholders complaining in this action. Nearly all of the remaining stockholders, representing the majority of the stock, and many of the largest creditors of the concern have voluntarily appeared in this action to resist the prayer of the petition and of the amended petition, they having filed in the court below intervening petitions in which they pray for a dismissal of the amended petition and a denial of the relief sought therein.

The entry of the court below appointing a receiver is in the form of a finding of facts and of law separately stated. As its finding of fact the court says:

"that certain litigations concerning which orders hereafter will be made, should be begun by and on behalf of the defendant corporation in order to conserve and protect its interests; that there has not been a proper management and conduct of the business of said corporation; that there is danger of the assets and ·property of said corporation being lost, wasted and dissipated, and there is likewise danger of its business being injured, depressed or diminished because of want of proper care, control and management; and all of this pending the determination of important questions of vital interests to the existence and welfare of the corporation and of its stockholders, minority as well as majority, to be determined on the final hearing of this cause, as well as determined in suits which may hereafter be ordered то be brought by the receiver in the interest and in behalf of the said corporation, and all of its stockholders, unless the matters pertaining thereto are settled and adjusted without suits or litigation; and that an injunction or injunctions issued by this court now would not be of any avail in protecting the property and the rights of the corporation and of the stockholders."
*   *   *

Following this the court proceeds to grant the motion for a receiver *pendente lite,* naming Mr. Philip O. Geier as such receiver, and defining his duties. It must be presumed that the finding of the court that "there is danger of the assets and property of the said corporation being lost, wasted and dissipated, and there is likewise danger of its business being injured, depressed and diminished because of want of proper care, control and management" is based upon evidence offered in support of the allegations of the amended petition. These allegations have reference to certain transactions of the corporation through its officers, chief among which are the purchase of an automobile and accessories therefor for personal use, and the issuance of a certificate of one hundred and fifty shares of stock to one D. M. Forker, which certificate was pledged with the Sharon Savings & Trust Company as security for a loan of $15,000, which sum was loaned to and used by the corporation, and the obligation to the bank assumed by it.

Assuming that all these allegations were fully and unqualifiedly proven, we are of the opinion that such a showing would

not warrant the finding that there was danger of the assets and property of the said corporation being lost, wasted and dissipated, and the other dire things contained in the finding and decree of the court below. The allegations of the amended petition, in other words, are not sufficient to constitute a cause of action for a dissolution of this corporation, the sale of its assets, the closing up of its business and distribution of the proceeds among the stockholders.

As above stated, we do not understand from a reading of the petition and the amended petition that such a result is really contemplated or sought by the plaintiff in instituting this proceeding. Nor does it appear from the entry of the court below that in making the temporary appointment of a receiver the court had determined that it was necessary or in the interest of the stockholders to so dissolve the corporation and terminate its business. There is no authority in the statute or elsewhere in the law for the appointment of a receiver *pendente lite* as made by the court below, with the powers and duties with which this receiver was entrusted. In order to appoint a receiver, either permanently or *pendente lite,* there must be first a finding by the court that the case is one in which under the statute a receiver may be appointed. In an action against a corporation before a receiver can be appointed the case must fall within the provisions of Sections 11894 or 11398, General Code. Courts will not and should not appoint a receiver unless in a proper action for other and ultimate relief the appointment of such receiver is necessary and ancillary to the main and ultimate relief sought. The naming of a receiver is not regarded as an end in itself, but only as a means to better secure a necessary and ultimate end.

In support of this view we will refer, without quoting therefrom, to the case of *Cincinnati, Hamilton & Dayton Railroad Company* v. *George K. Duckworth,* 2 C. C., 518; also to a decision of this court of appeals in *Wiedemann Brewing Co.* v. *Herman,* 20 C.C.(N.S.), 187; also, *Callahan* v. *Ice Co.,* 13 C. C., 479; 34 Cyc., 29; *Cherry* v. *Maumee Cycle Co.,* 64 O. S., 214; *C., S. & C. R. R. Co.* v. *Sloan,* 31 O. S., 1.

The amended petition below not having stated a cause of action, the demurrers to it should have been sustained, and for error in not sustaining the same the judgment of the court below will be reversed.

We are further of the opinion, inasmuch as the entry of the court below purports to be and is in effect a finding of fact upon which the conclusions of law are based, concluding with the naming of a receiver, that the judgment of the court below is contrary to law, as is made evident by such finding and decree.

Judgment reversed and cause remanded.

JONES (Oliver B.), J., and GORMAN, J., concur.